IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zeb Graham, | ) | C/A No. 6:12-1925-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richard H. Warder, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Zeb Graham ("Plaintiff"), a state prisoner in the Kershaw Correctional

Institution of the South Carolina Department of Corrections in Kershaw, South Carolina,

proceeding *pro se*, brings this civil action against Richard H. Warder ("Defendant"), who

is Plaintiff's former, privately retained, criminal defense attorney. Plaintiff seeks monetary

damages and "a declaration that the acts and omissions [of Defendant] described herein

violated [P]laintiff's rights protected under the laws of the State and the Constitution of the

United States." Complaint, Relief, ¶ 1; ECF No. 1, p. 7. Plaintiff files this action *in forma*

*pauperis* under 28 U.S.C. § 1915. This matter is before the undersigned United States

Magistrate Judge for initial review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2) DSC. Having reviewed the complaint in accordance with applicable law, the

undersigned concludes that it should be summarily dismissed, without prejudice and

without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint. This review has been conducted in light of the following

precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a pro se pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff's claims arise solely from his dissatisfaction with Defendant's performance as Plaintiff's retained defense attorney in a state court criminal proceeding in February 2008. Plaintiff alleges that he retained Defendant and paid him $7,000.00 to represent Plaintiff. However, Plaintiff alleges that, on February 8, 2009, Plaintiff "concluded that Mr. Warder was not adequately representing [him]" and Plaintiff fired Defendant. Complaint, Statement of Claim, ¶ (A), (B); ECF No. 1, p. 4. Plaintiff alleges that, on February 12, 2008, he and Defendant appeared in state court where Plaintiff expected Defendant to make a motion to be relieved as counsel in Plaintiff's criminal case. Instead, Plaintiff alleges that Defendant "did not present a [written] motion, but rather proceeded to give damaging testimony against [Plaintiff] during the hearing that violated Attorney/Client Privilege," "deliberately gave the Judge a negatively-biased view of [Plaintiff]," and "made false, slanderous, and damaging allegations" that "negatively influenced the Judge's obligation of objectivity which led to a denial of the motion and subsequent denial of [Plaintiff's] right of due process." Complaint, Statement of Claim, ¶ (C) - (F), Claims 1-4; ECF No. 1, p. 4-6. Plaintiff alleges that "all of the statements and claims that Mr. Warder flagrantly presented add up to malpractice against his client, Zeb Graham." Complaint, Statement of Claim, Claim No. 4; ECF no. 1, p. 6.of Claim, ¶ (A); ECF No. 1, p. 4.

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing

*Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1)requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Clearly, there is no basis for a finding of diversity jurisdiction over these parties and this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity

of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16.  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and Defendant is also a citizen and resident of South Carolina.  Complaint, III. Parties, p. 2; ECF No. 1, p. 2.

Second, it is clear that the essential factual allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction.  Plaintiff primarily asserts state law-based claims of legal malpractice, breach of fiduciary duty, slander, and defamation of character, alleging that Defendant negligently or deliberately breached duties owed to Plaintiff and is therefore liable to Plaintiff for monetary damages.  As noted above, such state law claims may be heard in federal court only if there is a sufficient amount in controversy and complete diversity of citizenship between the parties, or if the federal court has jurisdiction of another federal claim "arising under the Constitution, laws, or treaties of

5

the United States," by virtue of which the federal court could exercise supplemental jurisdiction over such state law claims, pursuant to 28 U.S.C. § 1367.

Plaintiff attempts to invoke this Court's federal question jurisdiction by asserting a "civil action due to injury suffered to his Federal and civil [due process] rights [under] the Fourteenth Amendment of the United States Constitution." Complaint, Statement of Claim, p. 3; ECF No. 1, p. 3. However, the allegations in Plaintiff's Complaint fail to state a cognizable claim under the Fourteenth Amendment or under 42 U.S.C. § 1983. Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law.[1] *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

---

[1] To the extent that Plaintiff attempts to assert a § 1983 claim "due to injury suffered to his civil rights . . . [under] the Universal Declaration of Human Rights ["UDHR"] granted him by the United States Constitution," such allegation fails to state a cognizable claim. The UDHR is not a treaty or international agreement and "does not of its own force impose obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). As the UDHR was a non-binding resolution of the United Nations General Assembly, and thus aspirational rather than prescriptive, the UDHR has no bearing on whether Plaintiff has suffered a violation of his rights contained in the United States Constitution, and cannot support Plaintiff's claims in the instant case. *See Sosa,* 542 U.S. at 734 (rejecting FTCA claim alleging "arbitrary arrest" in violation of the UDHR because "the Declaration does not of its own force impose obligations as a matter of international law").

Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 936-37; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although many factors may be considered in determining whether state action is present, *Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000).

Here, Plaintiff's Complaint makes no allegation that Defendant, who is a private citizen, acted under color of state law. While a private individual or entity who jointly participates in alleged constitutional wrongdoing with a state or local official may be said to have engaged in "state action" which meets the requirement of § 1983, in order to state

a cognizable claim that a private individual, such as Defendant, jointly participated with a state actor to violate Plaintiff's constitutional rights, Plaintiff must allege: (1) some type of conspiracy, agreement, or concerted action between the state and the private party; (2) that the state and private party shared common goals; and, (3) conduct pursuant to the conspiracy, agreement, or concerted action that violated Plaintiff's federally protected rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Plaintiff's Complaint makes no allegation that Defendant jointly participated with any state agency or state actor to injure Plaintiff.

It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)). Defendant is not amenable to Plaintiff's § 1983 claim. Defendant, while acting as Plaintiff's retained, private, criminal defense attorney, has not acted "under color of state law" during

Defendant's legal representation of Plaintiff.  In short, assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to state a cognizable claim on which relief can be granted by this Court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 8, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).