IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zeb Graham, | ) Civil Action No.: 6:12-1925-MGL-JDA |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Richard H. Warder, | ) |
| Defendant. | ) |

Plaintiff Zeb Graham ("Plaintiff") is a state prisoner in the Kershaw Correctional Institution of the South Carolina Department of Corrections in Kershaw, South Carolina. On July 10, 2012, Plaintiff, proceeding *pro se,* filed this civil action against Richard H. Warder ("Defendant"), his former, privately retained criminal defense attorney claiming "injury suffered to his civil rights" under the United States Constitution. ECF No. 1 at 3. Plaintiff's claims arise solely from his dissatisfaction with Defendant's performance as his retained defense attorney in a state court action and alleges that his claims against Defendant "add up to malpractice." *Id.* at 4-6. Plaintiff seeks monetary damages and a declaration that the acts and omissions of Defendant violated Plaintiff's rights under the laws of the State and Constitution of the United States. *Id*. at 7. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On August 8, 2012, Magistrate Judge Austin issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process as the complaint failed to state a cognizable claim upon which relief can be granted by this Court. ECF No. 11 at 9.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. ECF No. 11 at 9-10. Plaintiff has filed no objections and the time for doing so has expired. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
September 5, 2012